1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

12    **MARK ANTHONY BARRAGAN,**      )      **1:08-CV-0054 -AWI WMW HC**
                                      )
13          **Petitioner,**            )      **FINDINGS AND**
                                      )      **RECOMMENDATIONS RE**
14    **vs**.                          )      **DISMISSAL OF PETITION**
                                      )      **FOR WRIT OF HABEAS**
15                                     )      **CORPUS**
      **NEIL ADLER, WARDEN,**          )
16                                     )
            **Respondent.**            )
17                                     )
                                      )
18    _____ )
19
20
21          Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas

22    corpus pursuant to 28 U.S.C. Section 2241.  Petitioner is a federal prisoner proceeding pro se

23    on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.   Rule 4 of the

24    Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly

25    appears from the face of the petition and any exhibits annexed to it that the Petitioner is not

26    entitled to relief in the district court."  The court finds this to be such a petition.

27          A federal prisoner who wishes to challenge the validity or constitutionality of his

28    conviction or sentence must do so by way of a motion to vacate, set aside, or correct the

sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d

at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

The court finds that in the present case, Petitioner is challenging the constitutionality of his conviction.  Further, he has not demonstrated that relief under Section 2255 is inadequate or ineffective to test the validity of his detention.  Accordingly, the court finds initially that Petitioner cannot pursue his challenge to the validity of his conviction through a petition under Section 2241.  However, the court further finds that Petitioner's petition is without merit.  Specifically, Petitioner claims that although he is an American citizen, the United States District Court lacks jurisdiction over his person.  Petitioner bases this claim on the contention that Congress lacks authority to create district courts outside of the District of Columbia.  The court finds this contention to be utterly without merit.  <u>See</u> United States Constitution, Article III.  Accordingly, the court will recommend dismissal of this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Based on the above, IT IS HEREBY RECOMMENDED as follows:

1)      That the petition for writ of habeas corpus be DISMISSED;

2)      That Petitioner's motion for decision [Doc. 6] be DENIED as moot;

3)      That Petitioner's motion for default judgment [Doc. 9] be DENIED as meritless; and

2)      The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

objections shall be served and filed within ten (10) court days (plus three days if served by

mail) after service of the objections.  The court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Martinez

v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    February 29, 2008** _____     /s/  **William M. Wunderlich**_____
UNITED STATES MAGISTRATE JUDGE